# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MIKEL RAY HENDERSON, )
)
Petitioner, )
)
vs. ) Case No. CIV-10-283-JHP
)
DAVID L. PARKER, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at the James Crabtree Correctional Center in Helena, OK, attacks his conviction in the District Court of Love County, Case No. CF-2006027, for Unlawful Possession of Pseudoephedrine with Intent to Manufacture Controlled Dangerous Substances, in violation of 63 O.S. § 2-401(G). In accordance with the jury's recommendation, Petitioner was, on June 7, 2007, sentenced to life imprisonment and $100,000 fine. O.R. 176-177.

On direct appeal, Petitioner raised the following issues:

1) The verdict form given to the jury was improper and violated appellant's constitutional rights.

2) Ineffective assistance of counsel denied appellant his fundamental right to a fair trial.

3) The trial court erred in allowing the pseudoephedrine found in the garment-type bag to be introduced into evidence at the trial because the search was warrantless and the pseudoephedrine was not in plain view and trial counsel was ineffective for stipulating the search of the vehicle was lawful.

4) The sentence imposed is so excessive as to shock the conscience of the court.

5) One of the charged statutes in the amended information violated appellant's due process rights.

6) Reversible error occurred when the trial court failed to instruct the jury according t law.

7) The trial errors complained of cumulatively denied appellant's right to a fair trial, and his conviction must be reversed.

(Dkt. # 15, Exh. 1). On July 25, 2008, in an unpublished summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions. (Dkt. # 15, Exh. 3). Petitioner also filed an appeal from the denial of his post-conviction application and the OCCA affirmed the denial by Order dated May 21, 2010 (Dkt. # 15, Exh. 4). Petitioner now seeks relief from his sentence pursuant to 28 U.S.C. § 2254.

## I. RECORDS REVIEWED

This Court has reviewed (1) the Petition for Habeas Corpus; (2) the Response to the Petition filed by the State of Oklahoma; (3) the Reply filed by the Petitioner; (4) the state court records transmitted to this Court including: a) Original Records 1-184, hereinafter "O.R."; b) Transcript of Preliminary Hearing held on May 8, 2006; c) Transcript of Motion to Dismiss and Quash Information and Motion to Suppress held on August 4, 2006; d) Transcript of Evidentiary Hearing held on February 22, 2007; e) Transcript of Jury Trial held on April 18, 2007, along with the exhibits introduced therein; f) the Order denying Post-Conviction Relief from Love County Case No. CF-2006-27; and g) the Petition in Error and Brief in Support filed in OCCA Case No. PC-2010-272. Additionally, this Court has

2

reviewed all documents attached to any pleadings filed herein.

## II. PETITIONER'S CLAIMS FOR RELIEF

Petitioner commenced the instant habeas corpus action on July 16, 2010 (Dkt. # 1).

Petitioner raise the following four (4) grounds of error:

> Ground One: Petitioner was denied his fundamental right to effective assistance of counsel; U.S.C.A Const. Amends. 6 & 14.
>
> Ground Two: The trial court erred in allowing the pseudoephedrine found in the garment bag to be introduced at trial: U.S.C.A. Const. Amend. 4 & 14.
>
> Ground Three: Prosecutorial misconduct: U.S.C.A. Const. Amend. 5, 6 and 14.
>
> Ground Four: Trial errors cumulatively denied Petitioner's right to a fair trial: U.S.Const. Amend. 14.

(Dkt. # 1). In response, Respondent asserts Petitioner is not entitled to habeas relief (Dkt. # 15). On October 7, 2010, Petitioner filed a Reply (Dkt. # 17).

## III. STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act, this Court is precluded from granting habeas relief on any claim adjudicated on the merits by a state court

> unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under §

3

> 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007). Furthermore, determinations of factual issues made by state courts are presumed correct and a habeas petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first ground for relief, Petitioner asserts he was deprived of his 6th Amendment right to counsel because his attorney failed to fully challenge the state's case. Specifically, Petitioner asserts his counsel failed to: 1) challenge the unlawful stop of his vehicle; 2) challenge the training certification and record of the drug dog; 3) appeal the ruling of the trial judge regarding admissibility of evidence seized from his vehicle; 4) present evidence to counter the state's evidence regarding seat configuration in his vehicle; 5) locate and subpoena witnesses to show pseudoephedrine in vehicle was not Petitioner's; 6) fingerprint the garment bag and ephedrine boxes. Additionally, Petitioner claims his counsel was ineffective because he 1) opened the door to suppressed evidence during his cross-examination of Deputy Poteet and 2) stipulated to the validity of the search of his vehicle. Respondent argues only the last two of these claims were raised on direct appeal and that

4

Petitioner is procedurally barred from raising the others in this proceeding.

During direct appeal Petitioner argued counsel was ineffective for 1) opening the door to previously suppressed evidence and 2) for stipulating that the search of the vehicle was lawful. In considering these two issues regarding ineffective assistance of counsel, the OCCA rejected Petitioner's claims, holding:

> . . . During the cross-examination of Deputy Poteet, the trial attorney asked a general question that allowed Deputy Poteet to tell the jury about the anhydrous ammonia. Even if this mistake constituted deficient performance, [Petitioner] did not suffer prejudice because of it. [Petitioner] had over 2,500 tablets of pseudoephedrine in his vehicle and later told a courtroom full of people that everything in the car belonged to him. We cannot say that but for counsel's actions the guilty verdict would have been different.
>
> * * * * * *
>
> [Petitioner] argues that even though he violated traffic laws, had an outstanding warrant for possessing chemicals with intent to manufacture, and had a drug dog signal the presence of contraband in his car, the police did not have probable cause to search for drugs. The law on this subject is clear:
>> A warrantless search of an automobile is also valid if the officer has probable cause to believe there is contraband somewhere in the car; and even though he does not know exactly where the contraband is located, he may search the entire car as well as any containers found therein. *Davis v. State*, 1990 OK CR 20, ¶ 23, 792 P.2d 76, 84.
>
> While this Court will defer to the factual findings of the trial court unless clearly erroneous, legal questions in search and seizure cases are reviewed de novo. *Seabolt v. State*, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 236. Given the facts of this case, it is clear that law enforcement had sufficient probable cause to believe illegal drugs were in the car. The search and seizure were constitutional, and the bag and its contents were admissible. The defendant suffered no prejudice from the stipulation; hence, counsel was not ineffective. This claim is denied.

Dkt. # 15, Exh. 3, at pp. 3-4.

During post-conviction proceedings, Petitioner raised issues of ineffective assistance of counsel, including ineffective assistance of appellate counsel. In denying relief, the OCCA held:

> Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. With the exception of a claim of ineffective appellate counsel, Petitioner has not raised any issue that either was not or could not have been asserted during his trial or in his direct appeal. All issues which were raised and decided on direct appeal are barred from further consideration by *res judicata*, and all issues which could have been previously raised but were not are waived. 22 O.S. 2001, § 1086; *Davis v. State*, 2005 OK CR 21, ¶2, 123 P.3d 243, 244.
> To establish a claim of ineffective appellate counsel, Petitioner must show that counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2068, 80 L.Ed. 2d 674, 693, 698. Petitioner hasn't established why or how the outcome of his appeal would have or should have been different, and he hasn't established factual innocence. *Id*. Therefore, the order of the District Court of Love County denying Petitioner's application for post-conviction relief in Case No. CF-2007027 should be, and is hereby, **AFFIRMED.**

Dkt. # 15, Exh. 4.

A. Anticipatory procedural bar

Federal courts do not ordinarily address issues which have been defaulted in state court based upon independent and adequate state procedural grounds. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). Oklahoma has consistently applied a procedural bar to issues that could have been raised on appeal or in a prior request for post-conviction relief. *See*, 22 O.S. 2001, § 1080, *et seq.* Since Petitioner did not present many of the issues regarding ineffective assistance of counsel to the OCCA in either his direct appeal or his first

6

post-conviction proceeding, this Court finds these claims would be procedurally barred under state law if petitioner returned to state court to exhaust. *See*, *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007); and *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

The Petitioner clearly did not raise the first six points of his ineffectiveness claims before the OCCA. *See*, Petition in Error and Brief in Support thereof, Dkt. # 24-2. The procedural default of those claims would result in the imposition of a bar based on independent and adequate state procedural grounds if Petitioner were to return to state court to raise those claims in a second application for post-conviction relief. *See*, *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002)).

To overcome the anticipatory procedural bar applicable to his habeas clams which were omitted on post-conviction appeal, Petitioner must demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to establish cause, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). External factors include things like discovery of new evidence, a change in the law, and interference by state officials. *Id*. Furthermore,

a petitioner must also establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 457 U.S. 152, 168 (1982). Alternatively, petitioner may establish a "fundamental miscarriage of justice," which requires a showing of "actual innocence." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner does not make any allegations which would demonstrate "cause" sufficient to overcome the anticipatory procedural bar. Since Petitioner fails to demonstrate "cause," this Court need not consider the "prejudice" component of the inquiry.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993). In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court indicated a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. . ." *Id.*, at 316. A petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*, at 329. To the extent Petitioner admitted that all of the items in the car were his,[1] he can not establish "actual innocence." Accordingly, this Court finds that Petitioner may not utilize the fundamental miscarriage of justice exception to overcome the anticipatory procedural bar applicable to the first six of his ineffective assistance of counsel claims.

---

[1] *See*, Transcript of Jury Trial, at pp. 135-139.

As a result, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted ineffective assistance of counsel claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. *Coleman*, 501 U.S. at 724. Habeas corpus relief shall be denied as to those claims.

B.  Substantive issues of ineffectiveness of counsel properly raised in state court proceedings

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the legal standards which apply to claims of ineffective assistance of counsel in a criminal proceeding. First, the Court indicated that the defendant must establish that the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must establish that the deficient performance prejudiced the defense. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.* 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*. 466 U.S. at 689, 104 S.Ct. at 2065. In order to establish prejudice in the guilt stage, the defendant has to show "there is a reasonable probability that, absent the errors, the fact finder

9

would have had a reasonable doubt respecting guilt." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. In other words, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different", *Washington v. Johnson*, 90 F.3d 945 (5th Cir. 1996), *cert. denied,* 117 S.Ct. 1259, 137 L.Ed.2d 338 (1997); so that, the "confidence in the reliability of the verdict is undermined." *Id.*

The United States Supreme Court has indicated that every effort must be made by a reviewing court to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, *supra* 466 U.S. at 689, 104 S.Ct. at 1065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.*

As to the two issue of ineffective assistance of counsel properly raised before the OCCA, Petitioner has failed to establish that the decision of the OCCA was contrary to clearly established federal law as enunciated in *Strickland*, *supra*. Accordingly, Petitioner's claims of ineffective assistance of counsel are hereby denied.

## V. VALIDITY OF SEARCH

In his second ground for relief, Petitioner asserts the trial court erred in allowing the drugs found in a garment bag to be introduced during his trial. Respondent argues Petitioner had an opportunity to fully and fairly argue his Fourth Amendment claims in state court and, therefore, federal habeas review of this claim is not warranted.

The United States Supreme Court has held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494. *See also*, *Brown v. Sirmons*, 515 F.3d 1072, 1082 (10th Cir. 2008).

The record in this case clearly establishes that Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claims. During the state court proceedings, Petitioner filed a motion to suppress (O.R. 45-49) and the motion was set for hearing (O.R. 50). *See also*, Tr. of August 4, 2006. Following the hearing, a ruling was made regarding Petitioner's motion to suppress (O.R. 57-59). A second state district court judge had to decide what the ruling meant in regard to evidence within reaching distance of petitioner versus evidence which was seized pursuant to an inventory search of the vehicle. *See*, Tr. of February 22, 2007. Since Petitioner felt the second judge's decision was not as favorable, he argued the second judge made an error regarding the admissibility of the evidence. Petitioner first challenged this ruling during his direct appeal arguing error occurred when the evidence was introduced because it was not in plain view and was seized without a search warrant. Additionally, Petitioner argued his counsel was ineffective for stipulating that the search of the vehicle was lawful. In rejecting these arguments, the OCCA held:

> [Petitioner] argues that even though he violated traffic laws, had an outstanding warrant for possessing chemicals with intent to manufacture, and had a drug dog signal the presence of contraband in his car, the police did not

> have probably cause to search for drugs. The law on this subject is clear;
>> A warrantless search of an automobile is also valid if the officer has probable cause to believe there is contraband somewhere in the car; and even though he does not know exactly where the contraband is located, he may search the entire car as well as any containers found therein. *Davis v. State*, 1990 OK CR 20, ¶ 23, 792 P.2d 76, 84.
>
> While this Court will defer to the factual findings of the trial court unless clearly erroneous, legal questions in search and seizure cases are reviewed de novo. *Seabolt v. State*, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 236. Given the facts of this case, it is clear that law enforcement had sufficient probable cause to believe illegal drugs were in the car. The search and seizure were constitutional, and the bag and its contents were admissible. The defendant suffered no prejudice from the stipulation; hence, counsel was not ineffective. This claim is denied.

Dkt. # 15, Exh. 3 at pp. 3-4. Thus, even though Petitioner may not like the ruling, it is clear that he was not deprived of an opportunity to fully litigate his Fourth Amendment claims. Even if the State Courts got it wrong, *i.e.*, decided the Fourth Amendment claim incorrectly, something this Court does not decide, such would not overcome the prohibition promulgated in *Stone v. Powell* that Fourth Amendment claims are not cognizable in federal habeas proceedings where the state has provided a full and fair opportunity to litigate the claim. Accordingly, this claim is denied.

## VI. PROSECUTORIAL MISCONDUCT

In his third ground for relief, Petitioner claims prosecutorial misconduct occurred in his case. Again, this issue was not raised in Petitioner's direct appeal nor in the appeal from the denial of his post-conviction application. *See*, Dkt. # 24. For the reasons set forth above, this Court finds it is procedurally barred from considering the merits of this claim.

## VII. CUMULATIVE ERRORS

In his final ground for relief, Petitioner argues that errors occurring in his trial cumulatively deprived him of his right to a fair trial. Cumulative error analysis, however, "applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998) and *Jackson v. Shanks*, 143 F.3d 1313 (10th Cir. 1998). The OCCA found no error and this Court has not found any constitutional errors among Petitioner's grounds from relief. Therefore, there is no basis upon which to find cumulative error. Accordingly, this argument also lacks merit.

**DATED** this 18th day of July 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma