## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MIKEL RAY HENDERSON,     )
       )
       Petitioner,  )
       )
vs.       )     **Case No. CIV-10-283-JHP-KEW**
       )
DAVID L. PARKER, Warden,     )
       )
       Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced on July 16, 2010, by Petitioner, Mikel Ray Henderson. By order filed July 18, 2011, the Court denied the petition. Petitioner appealed and on January 9, 2012, the Tenth Circuit Court of Appeals entered an order denying a certificate of appealability and dismissing the appeal.

In *Lopez v. Douglas*, 141 F.3d 974 (10th Cir.1998), the Tenth Circuit Court of Appeals announced a rule that treated all Fed. R. Civ. P. 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). *Id*. at 975. The Supreme Court has clarified, however, that not all Rule 60(b) motions constitute second or successive petitions. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Some Rule 60(b) motions are in fact "true" Rule 60(b) motions, free from § 2244's requirements. See *id*. at 533. Other Rule 60(b) motions assert or reassert federal bases for relief from the underlying conviction and are properly considered second or successive habeas corpus petitions. *Id*. at 530-31. In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit provided

guidance for applying the *Gonzalez* holding to Rule 60(b) motions filed in habeas corpus

cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it
> should rule on it as it would any other Rule 60(b) motion. If, however, the
> district court concludes that the motion is actually a second or successive
> petition, it should refer the matter to this court for authorization under §
> 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal
> filed without jurisdiction, in the interest of justice, "to any other court in which
> the action or appeal could have been brought at the time it was filed or
> noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per
> curiam). In the case of a "mixed" motion-that is, a motion containing both true
> Rule 60(b) allegations and second or successive habeas claims-the district
> court should (1) address the merits of the true Rule 60(b) allegations as it
> would the allegations in any other Rule 60(b) motion, and (2) forward the
> second or successive claims to this court for authorization.

*Spitznas*, 464 F.3d at 1217.

In the Rule 60(b) motion before the Court, Plaintiff alleges this Court made a mistake

by failing to consider his fifth proposition of error which was contained in a "Motion to

Amend" (Dkt. # 18), which the magistrate judge construed as an a supplemental brief (Dkt.

# 19).[1]  Thus, this Court finds the motion is a true Rule 60(b) motion.

While the Court did not specifically address as "Proposition Five"[2] what was

contained in the supplemental brief in its Order dismissing this case, the Court did consider

the matters contained in the supplemental brief in conjunction with the Petitioner's

arguments regarding prosecutorial misconduct in Proposition Three of the brief in support

---

[1]The Respondent was given fifteen days to respond to the supplement, if appropriate.  *Id*.  No response was ever filed
by the Respondent.

[2]Proposition Five alleged a prosecutorial misconduct claim.  Petitioner argued that appellate counsel failed to raise the
issue on appeal.

of the petition for habeas corpus and ineffective assistance of appellate counsel. *See*, Dkt. # 2. As this Court previously indicated, in relation to the Plaintiff's claims of ineffective assistance of appellate counsel, the Oklahoma Court of Criminal Appeals found that the Petitioner did not establish how the outcome of his appeal would have been different, nor did he establish factual innocence. Dkt. # 15-4. As a result and for the reasons stated in this court's earlier order,[3] the Petitioner's claim of ineffective appellate counsel was denied. Therefore, this Court finds no mistake was made in rendering the judgment herein.

Accordingly, the Petitioner's Motion for Rule 60(b) relief is **denied**.

IT IS SO ORDERED on this 28th day of March, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[3]*See*, Dkt. # 25.